## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:11-CV-163-RLV-DCK

| | | |
|---|---|---|
| **CINDY B. WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM AND** |
| **v.** | ) | **RECOMMENDATION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On

The Pleadings" (Document No. 12) and Defendant's "Motion For Summary Judgment"

(Document No. 14). This case has been referred to the undersigned Magistrate Judge pursuant to

28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative

record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's

"Motion For Judgment On The Pleadings" be <u>denied</u>; that Defendant's "Motion For Summary

Judgment" be denied; and that the Commissioner's decision be vacated and this matter be

remanded for a new hearing.

### I. BACKGROUND

Plaintiff Cindy B. Williams ("Plaintiff"), through counsel, seeks judicial review of an

unfavorable administrative decision on her application for disability benefits. (Document No. 1).

On June 8, 2006 and June 22, 2006, Plaintiff filed applications for a period of disability and

disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et*

*seq.*, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C.

§ 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning August 27,

2003.  (Transcript of the Record of Proceedings ("Tr.") 26).  The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on September 15, 2006, and again after reconsideration on January 17, 2007.  (Tr. 26).

Plaintiff filed a timely written request for a hearing on January 29, 2007.  (Tr. 19, 26). Plaintiff appeared and testified at a hearing before Administrative Law Judge Emanuel C. Edwards ("ALJ") on October 24, 2008.  (Tr. 26, 35-67).  Plaintiff was represented at the hearing by attorney Amelia Patton.  Id.  During the hearing, Plaintiff amended the alleged onset date of disability to October 3, 2005.  (Tr. 26, 39).

On March 25, 2009, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 23-34).  Plaintiff filed a request for review of the ALJ's decision on May 22, 2009, which was denied by the Appeals Council on May 4, 2011.  (Tr. 11-13).  At some point after May 22, 2009, Plaintiff changed her name from Cindy B. Hutchens to Cindy B. Williams.  See (Tr. 20, 192).  On June 27, 2011, the Appeals Council set aside its initial decision to consider additional evidence, but then denied Plaintiff's request for review again on September 2, 2011.  (Tr. 1-4, 7-8).  The March 25, 2009 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's second review request.  Id.

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 4, 2011.  (Document No. 1).  Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 12) and "Plaintiff's Memorandum In Support Of Motion For Judgment On The Pleadings" (Document No. 13) were filed April 29, 2012;  and Defendant's "Motion For Summary Judgment" (Document No. 14) and "Memorandum In Support Of The Commissioner's Decision" (Document No. 15) were filed June 25, 2012.  Plaintiff also filed a "... Response To Defendant's Memorandum..." (Document No. 16);  however, the undersigned

notes that the "Pretrial Scheduling Order" (Document No. 8) does not provide for such a filing in this case and that Plaintiff did not seek leave to make a supplemental filing. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile

inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").  Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between October 3, 2005, and the date of his decision.[1]  (Tr. 26).  To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  The ALJ concluded that Plaintiff was not under a disability at any time from August 27, 2003, through the date of his decision, March 25, 2009.  (Tr. 34).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

> (1)     whether claimant is engaged in substantial gainful activity - if yes, not disabled;

> (2)     whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

> (3)     whether claimant has an impairment or combination of impairments that meets or medically equals one of the

---

[1]  Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting  42 U.S.C. § 423(d)(1)(A)).

listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4)     whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5)     whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was <u>not</u> disabled. (Tr. 33-34).2

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since August 27, 2003, her original alleged disability onset date. (Tr. 28). At the second step, the ALJ found that Plaintiff's degenerative disc disease (DDD) of the lumbar spine, degenerative joint disease of the left great toe and right knee, fibromyalgia, anxiety and depression were severe impairments. <u>Id.</u>[3] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 29).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light activity, with the following limitations:

to lift 20, push/pull 20 pounds occasionally and ten pounds frequently, stand/walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. The claimant can perform

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137 (1987).

occasional stooping and have no intense ongoing interpersonal interaction with others.

(Tr. 30).  In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."  Id.  The ALJ further opined that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms;  however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent it was inconsistent with the above residual functional capacity assessment."  (Tr. 31).

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as a machine operator and assembler.  (Tr. 33).  At the fifth and final step, the ALJ stated "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 33).  The ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 27, 2003, and the date of his decision, March 25, 2009. (Tr. 34).

Plaintiff on appeal to this Court makes the following assignments of error:  (1) the ALJ erred in assessing the medical opinions in this case;  (2) the ALJ improperly evaluated Plaintiff's credibility and the medical record;  and (3) the ALJ improperly relied upon the Medical-Vocational Guidelines since his RFC included nonexertional limitations.  (Document No. 13). The undersigned is particularly persuaded by Plaintiff's third assignment of error, as discussed

below, and finds that it provides a sufficient basis for remanding this matter for a new hearing and further consideration.

### ALJ's Reliance On The Medical-Vocational Guidelines

The ALJ's decision notes that at the last step in the sequential evaluation process "a limited burden of going forward with the evidence shifts to the Social Security Administration." (Tr. 28). The ALJ further states that "[i]n order to support a finding that an individual is not disabled at this step, the Social Security Administration is **responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do**, given the residual functional capacity, age, education, and work experience." Id. (emphasis added). Here, the undersigned is not persuaded that the ALJ has shown that substantial evidence supports a finding that "other work exists in significant numbers in the national economy that the claimant can do." (Tr. 28, 33-34). In short, it is unclear how the ALJ reached his conclusion at Step 5.

Plaintiff argues that because the ALJ included nonexertional limitations in Plaintiff's RFC he should not have relied solely on the Medical-Vocational Guidelines in determining that jobs existed in significant numbers that Plaintiff could perform. (Document No. 13, p.22). Plaintiff contends that the ALJ failed to consider how the interpersonal interaction restriction in the RFC would affect the potential light jobs Plaintiff might perform. Id. Plaintiff argues that the Medical-Vocational Guidelines should be the starting point for evaluating what a claimant can do, and that a vocational resource may be necessary. Id. (citing SSR 83-14) ("Use of a vocational resource may be helpful in the evaluation of what appear to be 'obvious' types of cases. In more complex situations, the assistance of a vocational resource may be necessary.").

It does not appear that the ALJ utilized any vocational resources in making his determination. (Tr. 33-34).

Apparently referring to Plaintiff's nonexertional limitations, the ALJ concluded that "the additional limitations have little or no effect on the occupational base of unskilled work." Id. However, the ALJ provided no explanation for his finding that Plaintiff can "have no intense ongoing interpersonal interaction with others" or how that restriction relates to jobs that Plaintiff might be able to perform; nor does he offer examples of jobs Plaintiff might perform, or cite any evidence to support his Step 5 determination.

Defendant argues that there is no merit to Plaintiff's argument. (Document No. 15, p.17). (citing Smith v. Schweiker, 719 F.2d 723, 725 (4th Cir. 1984)). Smith v. Schweiker provides that

> Although Grant makes clear that reliance on the grids is precluded where the claimant suffers from a "nonexertional impairment," not every malady of a "nonexertional" nature rises to the level of a "nonexertional impairment." The proper inquiry, under Grant, is whether a given nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable. If the condition has that effect, it is properly viewed as a "nonexertional impairment," thereby precluding reliance on the grids to determine a claimant's disability.

Smith v. Schweiker, 719 F.2d at 725. In Smith v. Schweiker, the Fourth Circuit found that that there was "substantial evidence to support the finding that Smith's nonexertional maladies did not significantly affect his ability to perform work of which he was exertionally capable." Id. at 723.

Although the ALJ's conclusion here that Plaintiff's "additional limitations have little or no effect on the occupational base of unskilled light work" may ultimately be correct and

supportable by sufficient evidence, the undersigned is not satisfied that the ALJ here has met the limited burden of "providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do." (Tr. 28, 33-34). Unlike <u>Smith v. Schweiker</u>, it is not clear that substantial evidence supports a finding that Plaintiff Williams' nonexertional maladies would not affect her ability to perform work of which she was exertionally capable.

## IV.  CONCLUSION

The undersigned finds that the ALJ's determination lacks substantial evidence supporting the Commissioner's decision. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be vacated.

## V.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 12) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 14) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for a new hearing and further consideration.

## VI.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service

of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 14, 2013

David C. Keesler
United States Magistrate Judge